IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IRMA LUZ HERNANDEZ** : | |
| : | |
| **Plaintiff** : | |
| : | **CIVIL ACTION** |
| v. : | |
| : | **12-4349** |
| **CAROLYN W. COLVIN,** : | |
| ACTING COMMISSIONER OF SOCIAL : | |
| SECURITY : | |
| : | |
| **Defendant** : | |

## MEMORANDUM

**STENGEL, J.**                                                                                          **October 20, 2014**

Irma Hernandez, Plaintiff, filed this civil action requesting review of the Social Security Commissioner's final decision that the plaintiff was not eligible for Supplemental Security Income (SSI) under the Social Security Act. I referred the matter to Magistrate Judge Sitarski, who recommends that I grant plaintiff's request for review, vacate the Commissioner's final decision, and remand this matter for further proceedings. The Commissioner filed an objection to the report and recommendation, and the plaintiff responded. For the reasons that follow, I will adopt the report and recommendation.

## I.      BACKGROUND

Judge Sitarski summarized the procedural history as follows:

> On June 19, 2007, Plaintiff protectively filed an application for Title XVI supplemental security income, alleging a disability beginning February 20, 2004, based on stress and depression. Plaintiff was denied initially by the State agency on September 19, 2007. Thereafter, Plaintiff filed a timely written request for hearing on October 23, 2007. Plaintiff appeared and testified, through a Spanish

> interpreter, at a hearing held by and administrative law judge ("ALJ") on June 23, 2008. This hearing resulted in the July 22, 2008, decision by the ALJ finding plaintiff not disabled for the purposes of SSI benefits. In July 2010, the Appeals Council remanded the matter . . . Plaintiff again appeared and testified, through a Spanish interpreter, at a hearing held on December 13, 2010 . . . In a decision dated January 13, 2011, the ALJ again found that Plaintiff was not entitled to SSI as Plaintiff was not disabled, as defined under the Social Security Act. (R. 29).
>
> Plaintiff requested review by the Appeals Council. On June 20, 2012, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. (R. 1-4). Thus, the ALJ's decision became the final decision of the Commissioner. 42 U.S.C. § 405(g). Plaintiff filed this civil action seeking judicial review of the ALJ's decision.

Report and Recommendation, Doc. No. 15, 2-3.

Plaintiff contends that the Commissioner's decision failed to properly assess Plaintiff's severe obesity at steps 3-5 of the evaluation process. In her report, Judge Sitarski highlighted that "an ALJ must meaningfully consider the effect of a claimant's obesity, individually and in combination with her impairments, on her workplace function at step three and at every subsequent step. Report and Recommendation 13 (citing Diaz v. Commissioner of Social Security, 577 F.3d 500, 504 (3d Cir. 2009)). Furthermore, Judge Sitarski noted that an ALJ "must clearly set forth the reasons for her decision" and that "[c]onclusory statements that a condition does not constitute the medical equivalent of a listed impairment are insufficient . . ." *Id*. Judge Sitarski recommended that I remand this case because the ALJ failed to adequately consider the plaintiff's obesity in the ALJ's determination that plaintiff is not disabled Under the Social Security Act. The Commissioner timely filed an objection.

## II. STANDARD OF REVIEW

I review *de novo* those portions of the magistrate judge's report to which timely and specific objection is made. 28 U.S.C. § 636(b)(1); Goney v. Clark, 749 F.2d 5, 6 (3d Cir. 1984). Where objections are untimely, general, or not filed at all, I need only "give some reasoned consideration to the magistrate's report," Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987), and review it for clear error. See Fed. R. Civ. P. 72(b) advisory committee's note. In any case, I "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b)(1); U.S. v. Raddatz, 447 U.S. 667, 676 (1980).

## III. DISCUSSION

The Commissioner objects to Judge Sitarski's finding that the ALJ failed to adequately consider plaintiff's obesity. In particular, the Commissioner takes issue with Judge Sitarski's reliance on Diaz v. Commissioner of Social Security, 577 F.3d 500 (3d Cir. 2009). Noting that Maria Diaz weighed 72 pounds more than Ms. Hernandez, the Commissioner suggests that, unlike Ms. Diaz, an explicit consideration of Ms. Hernandez's obesity would not result in a different outcome.

The Commissioner misses the point. Diaz does not establish a weight threshold to determine when the District Court must remand Social Security denials. To the contrary, Diaz requires the ALJ to clearly set forth the reasons for her denial of disability benefits when the ALJ acknowledges that an applicant's obesity is a severe impairment. Id., at 504 (internal citations omitted). "Conclusory statements that a condition does not

-3-

constitute the medical equivalent of a listed impairment are insufficient." Id.

The ALJ specifically acknowledged that Ms. Hernandez's obesity was a severe impairment. R., doc. no. 8, 22. For that reason, the ALJ was required to clearly set forth, without using conclusory statements, her reasons for finding that the plaintiff's obesity did not constitute the medical equivalent of a listed impairment. Diaz, 577 F.3d at 504. Instead, the ALJ only stated that:

> There are no listing criteria in Appendix 1 specific to the evaluation of obesity. However, SSR 02-1p requires consideration of obesity in determining whether a claimant has medically determinable impairments that are severe, whether those impairments meet or equal any listing, and finally in determining residual functioning capacity. Obesity may have an adverse impact upon co-existing impairments and may limit an individual's ability to sustain activity on a regular and continuing basis during an eight-hour, five-week or equivalent schedule. *I have taken these considerations into account into reaching the conclusion contained in this decision.*

R. 23(emphasis in original). This passage is the extent of the ALJ's discussion of plaintiff's obesity and is insufficient to support the ALJ's denial of benefits. Accordingly, I will overrule the Commissioner's objection and adopt the report and recommendation.

## IV. CONCLUSION

After considering the Commissioner's objection and a *de novo* review of Judge Sitarski's report and recommendation, I conclude that the ALJ did not clearly set forth the reasons for denying Ms. Hernandez disability benefits. I have reviewed the remainder of the report and recommendation to which no objection has been raise, and I find it to be

well reasoned and free of clear error. Therefore, I will overrule the Commissioner's objection and adopt the report and recommendation.

An appropriate order follows.